**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JUAN MARCOS ACEVEDO-RODRIGUEZ, | ) | NO. SA CV 13-235-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on February 13, 2013, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 12, 2013.

///

///

---

[1] Carolyn W. Colvin, who became Acting Commissioner of Social Security as of February 14, 2013, is hereby substituted as Defendant in this matter. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

Plaintiff filed a motion for summary judgment on August 14, 2013. Defendant filed a motion for summary judgment on September 10, 2013. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed February 19, 2013.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability since May 14, 2007, based on a variety of alleged physical and mental impairments (Administrative Record ("A.R.") 54-60, 146-63, 173, 960-66). The Administrative Law Judge ("ALJ") examined the voluminous record and heard testimony from Plaintiff, a medical expert and a vocational expert (A.R. 18-254, 263-1552).

The ALJ found Plaintiff has certain severe physical and mental impairments, but retains the residual functional capacity to perform a limited range of light work (A.R. 23, 25). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform particular jobs existing in significant numbers in the national economy (A.R. 29-30, 61-62). The ALJ deemed not fully credible Plaintiff's testimony regarding the severity of his subjective symptoms (A.R. 25-28). The ALJ rejected the opinions of Plaintiff's treating physician, Dr. Nina Trinh, who had opined Plaintiff could not perform even sedentary work (A.R. 27). The Appeals Council considered additional evidence, but denied review (A.R. 1-4, 255-62, 1553-1617).

///
///
///

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

Where, as here, the Appeals Council considered additional material but denied review, the additional material becomes part of the Administrative Record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it

became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[2] legal error. Plaintiff's contrary arguments are unavailing.[3]

**I. Substantial Evidence Supports the ALJ's Residual Functional Capacity Determination.**

Substantial medical evidence supports the ALJ's determination that Plaintiff can perform a limited range of light work. Dr. Ursula Taylor, a consultative examining internist, opined Plaintiff retains a physical capacity consistent with the ALJ's conclusions (A.R. 1082-87). Dr. Ernest Bagner, a consultative examining psychiatrist, opined Plaintiff retains a mental capacity consistent with the ALJ's conclusions (A.R. 1096-99). These doctors' opinions constitute substantial evidence supporting the ALJ's residual functional capacity

---

[2] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

[3] The Court has considered all of Plaintiff's arguments and has found those arguments unpersuasive. The Court discusses Plaintiff's principal arguments herein.

determination.  See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion is substantial evidence that can support an ALJ's finding of nondisability); see also Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (examining physician's independent clinical findings are substantial evidence).

The opinions of non-examining State agency physicians provide further support for the ALJ's determination.  See Tonapetyan v. Halter, 242 F.3d at 1149 (non-examining physician's opinion may constitute substantial evidence when opinion is consistent with independent evidence of record); Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1995) (same).  State agency physicians opined Plaintiff retains a residual functional capacity at least as great as the capacity the ALJ found to exist (A.R. 1089-93, 1100-17).

Additionally, the medical expert, Dr. Goldhamer, gave testimony at the administrative hearing consistent with the residual functional capacity the ALJ found to exist (A.R. 50-51).  Where, as here, the opinions of non-examining experts do not contradict "all other evidence in the record," the Administration properly may rely on such opinions.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Curry v. Sullivan, 925 F.2d 1127, 1130 n.2 (9th Cir. 1990).

The record contains conflicting medical evidence, but it was the prerogative of the ALJ to resolve the conflicts.  See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).  Where, as here, the evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision.  See Andrews v. Shalala, 53 F.3d

at 1039-40; accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

**II.   The ALJ Did Not Materially Err in Evaluating Plaintiff's Credibility.**

Although Plaintiff testified to subjective symptoms of allegedly disabling severity, the ALJ found this testimony less than fully credible (A.R. 26-28, 55-60).  Contrary to Plaintiff's arguments, the ALJ did not thereby materially err.

An ALJ's assessment of a claimant's credibility is entitled to "great weight."  Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  The discounting of a claimant's testimony regarding subjective symptoms must be supported by specific, cogent findings.  See Lester v. Chater, 81 F.3d at 834; see also Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) (reaffirming same); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[4]  As discussed below, the ALJ

---

[4]   In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard.  See, e.g., Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Taylor v. Commissioner, 659 F.3d at 1234; see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases).  In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any)
(continued...)

stated sufficient reasons for deeming Plaintiff's testimony less than fully credible.

The ALJ properly reasoned that the objective medical evidence did not support a level of physical or mental symptomatology that would prevent Plaintiff from working (A.R. 26-28). Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor. . . ." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the medical evidence suggests Plaintiff's mental and physical problems have not been, and are not now, as profound as he has claimed (A.R. 266-434, 438-801, 803-05, 807-958, 969-1087, 1096-99, 1119-1195, 1199-1404, 1406-73, 1475, 1477-78, 1480-1546, 1548-52, 1556-1603).

The ALJ also properly cited direct evidence of Plaintiff's exaggeration of his symptoms (A.R. 28). According to Dr. Taylor, Plaintiff "ambulated with mild antalgia into the room" but thereafter claimed he could not get out of the chair, could not cooperate with the examination, and could not even walk back out of the room without being "partially carried" (A.R. 1084-87). Dr. Taylor reasonably concluded that "there appears to be great exaggeration of symptoms"

///
///
///

---

[4](...continued) is academic. The Court observes, however, that the ALJ did cite evidence of Plaintiff's malingering (A.R. 28, 1084-87).

(A.R. 1086).[5] A claimant's demonstrated tendency to exaggerate can furnish an adequate reason for rejecting the claimant's credibility. See, e.g., Tonapetyan v. Halter, 242 F.3d at 1148; Bickell v. Astrue, 343 Fed. App'x 275, 277-78 (9th Cir. 2009); see also Copeland v. Bowen, 861 F.2d 536, 541 (9th Cir. 1988) (disparity between a claimant's representations and the observations of an examiner properly may impeach a claimant's credibility).

In evaluating Plaintiff's credibility, the ALJ also stated:

> The claimant testified that he dropped things and as a result was unable to do household chores, but these assertions are inconsistent with his statements noted above as to being able to engage in household chores. The claimant claims grogginess from his medications, although he testified that he walks his dog, takes his daughter to school and does exercises for his knees, hands and wrists. It seems unlikely that an individual with a degree of pain, grogginess and dysfunction as alleged by the claimant would have the motivation, stamina, alertness etc., of doing these types of activities.

(A.R. 28).

///

---

[5] Plaintiff asserts he "was having a bad day with his knee" when he went to Dr. Taylor's office (Plaintiff's Motion at 12). This assertion, which the ALJ was not obligated to credit, fails to explain why Plaintiff could walk into, but supposedly could not walk out of, the same office on the same day.

Inconsistences between a claimant's testimony and his or her actions can support the rejection of the claimant's credibility. See, e.g., Molina v. Astrue, 674 F.3d at 1112; Thomas v. Barnhart, 278 F.3d at 958-59; Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999).[6]

Thus, the ALJ stated sufficient reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004). The Court therefore defers to the ALJ's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to ALJ's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).

**III. The ALJ Did Not Err in Rejecting the Opinions of Dr. Trinh.**

An ALJ must provide "specific, legitimate reasons" based on substantial evidence in the record for rejecting a treating

---

[6] Plaintiff's testimony concerning a purported inability to perform housework because of dropping things from his hands is not entirely clear, but does seem arguably inconsistent with Plaintiff's unqualified report to a consultative examiner that Plaintiff performs housework (compare A.R. 56 with A.R. 1097). Assuming arguendo, however, that the ALJ's partial reliance on this consideration was improper, the ALJ's credibility determination nevertheless would stand. Under Carmickle v. Commissioner, 533 F.3d 1155, 1163 (9th Cir. 2008), the infirmity of one or two supporting reasons for an ALJ's credibility determination does not require overturning the determination if independently valid supporting reasons remain. Independently valid supporting reasons remain in the present case.

1 physician's contradicted opinion. See Valentine v. Commissioner, 574
2 F.3d 685, 692 (9th Cir. 2009); Orn v. Astrue, 495 F.3d at 631-33.
3 Contrary to Plaintiff's arguments, the ALJ stated sufficient specific,
4 legitimate reasons for rejecting the contradicted opinions of Dr.
5 Trinh.

7 The ALJ stated:

> Dr. Trinh went on to assess restrictions below an even
> sedentary functional capacity . . . and elsewhere in the
> record, requested that [Plaintiff] be placed on disability
> partly on the basis of fibromyalgia,[7] and symptoms which
> include cognitive deficits, fatigue, diffuse joint pain.
> . . . The assessed restrictions from a physical standpoint
> are not explained by the treatment notes which for the most
> part are notable for primary subjective tenderness and
> decreased sensation. Significant cognitive deficits were
> not noted on the examination of Dr. Bagner . . . nor are any
> noted within the records of Dr. Trinh except for claimant's
> subjective allegations.

(A.R. 27) (footnoted added).

Thus, the ALJ rejected Dr. Trinh's opinions because, inter alia, the opinions relied on Plaintiff's subjective complaints. An ALJ is free to disregard a treating physician's opinions that are based on a

---

[7] The ALJ properly found Plaintiff does not have any severe fibromyalgia (A.R. 23-24).

1 claimant's subjective complaints where the ALJ has properly discounted
2 those subjective complaints. See Tonapetyan v. Halter, 242 F.3d at
3 1149; Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989) (disregarding
4 opinion premised on claimant's properly-discounted subjective
5 complaints is a specific, legitimate reason for rejecting a treating
6 physician's opinion); see also Mattox v. Commissioner of Social
7 Security, 371 Fed. App'x 740, 742 (9th Cir. 2010) ("a physician's
8 opinion of disability premised to a large extent upon the claimant's
9 own accounts of his symptoms and limitations may be disregarded where
10 those complaints have been properly discounted") (internal quotations
11 and citations omitted). As discussed above, the ALJ properly
12 discounted Plaintiff's subjective complaints.[8]

   Additionally, the ALJ properly rejected Dr. Trinh's opinions as
15 unsupported by Dr. Trinh's treatment notes. See Bayliss v. Barnhart,
16 427 F.3d 1211, 1216 (9th Cir. 2005) (contradiction between treating
17 physician's assessment and clinical notes justifies rejection of
18 assessment); Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir.
19 2004) ("an ALJ may discredit treating physicians' opinions that are
20 conclusory, brief, and unsupported by the record as a whole . . . or
21 by objective medical findings"); Connett v. Barnhart, 340 F.3d 871,
22 875 (9th Cir. 2003) (treating physician's opinion properly rejected
23 where treating physician's treatment notes "provide no basis for the
24 functional restrictions he opined should be imposed on [the

---

[8] Significantly, Dr. Trinh relied in part on Plaintiff's self-reported alleged cognitive problems. As the ALJ pointed out, mental status testing of Plaintiff by Dr. Bagner tended to refute Plaintiff's allegations of such problems (A.R. 27, 1097-98).

11

claimant].").

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.[9]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 20, 2013.

                          _____/S/_____
                               CHARLES F. EICK
                      UNITED STATES MAGISTRATE JUDGE

---

[9] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).